UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARK KENDRICK, | : Case No. 1:22-cv-170 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Elizabeth P. Deavers |
| ANNETTE CHAMBER-SMITH, et al., | : **ORDER AND REPORT** |
| Defendants. | : **AND RECOMMENDATION** |

Plaintiff, a prisoner at the Ross Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Annette Chamber-Smith, Ronald T. Erdos, Linnea Mahlman, Major H. Bell, two John Doe correctional officers, and the "Highway State Patrol Portsmouth Office." (Doc. 1, Complaint at PageID 4). By separate Order Plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiff's Complaint

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

Plaintiff alleges that on October 7, 2021, while in segregation at the Southern Ohio Correctional Facility (SOCF), Plaintiff became suicidal and cut his wrist. (Doc. 1 at PageID 5). According to Plaintiff, his requests for a shower, grievance forms, and medication were previously denied, so he made a sign with the blood from his wrist indicating that he needed grievance forms and placed it on the floor outside of his cell. Plaintiff claims an unidentified John Doe Defendant stopped at his cell, wadded up the sign, and left.

3

Plaintiff alleges that after cutting his wrist more, he made a second sign reading "suicidal." Plaintiff claims the same officer took the second sign. According to Plaintiff, the officer and a second John Doe Defendant stated that because Plaintiff "likes to file lawsuits" that "he's got nothing coming." (*Id.*).

The complaint also includes allegations regarding Plaintiff's legal mail, prison conditions, and the grievance process. With respect to his legal mail, Plaintiff alleges that "I received privileged legal mail from the Ohio Supreme Court via 'regular mail' it had been photocopied they kept the originals." (*Id.* at PageID 7). Apparently the result of a procedure initiated in October 2021, Plaintiff alleges that "all my privileged legal mail has been treated the same from October 2021 till today" and that the delay in receiving the mail on this occasion (and being denied postage) resulted in an untimely filing and dismissal of his case in the Ohio Supreme Court. (*Id.* at PageID 7, 8). Plaintiff claims that the procedure's interference with his legal mail and invasion of privacy violates his First Amendment rights. (*See id.* at PageID 8, 10).

Plaintiff also claims that he and other inmates have been treated poorly. Without factual elaboration, Plaintiff claims "myself and others were being treated poorly in a number of ways, food trays short on food, some of us beaten from the 7th to the 15th five people attempted suicide 2 left on stretchers one in a neck brace." (*Id.*).

With respect to the grievance process, Plaintiff asserts that grievance forms were unavailable until October 13, 2021. (*Id.* at PageID 8). Plaintiff indicates that this interfered with his ability to exhaust his administrative remedies concerning his legal mail claims. Plaintiff also maintains he sent Defendant Inspector Mahlman a kite regarding inmates having been beaten and fear of retaliation. According to Plaintiff, Mahlman instructed inmates to file grievances to the appropriate supervisor, despite being informed that the grievance forms were not available.

Finally, Plaintiff indicates that other prisoners requested him to call the Highway State Patrol to obtain a "wellness check." (*Id.* at PageID 9). Plaintiff indicates that he contacted Defendant Highway State Patrol, Portsmouth Office on October 22, 2021 and was told by a dispatcher that they do not perform wellness checks, but that she would contact the "Correctional Institution Inspection Committee." (*Id.*). Plaintiff claims that the call resulted in no help and that an individual in segregation killed themselves soon thereafter.

Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at PageID 6).

**C. Analysis.**

Liberally construed, Plaintiff has stated Eighth Amendment deliberate indifference and First Amendment retaliation claims against the two unidentified John Doe correctional officers. Plaintiff has also stated a plausible claim against Defendant Erdos based on his allegations concerning the procedures applicable to prisoner legal mail, which he claims violated his First Amendment rights and resulted in the dismissal of his case with the Ohio Supreme Court. *See Sallier v. Brooks,* 343 F. 3d 868, 873–874 (6th Cir. 2003). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the Undersigned concludes that these claims are deserving of further development and may proceed at this juncture.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the Complaint should be dismissed against Defendant Ohio State Highway Patrol (OSHP), Portsmouth Office. It is well-settled that the state agencies are not "persons" or legal entities that may be sued under § 1983. *See, e.g., Moore v. Morgan*, Case No. 1:16-cv-655, 2016 WL 5080268, at *3 (S.D. Ohio June 27, 2016) (Litkovitz, M.J.) (Report and

5

Recommendation) (recommending dismissal of the Ohio State Highway Patrol because it was not a person or legal entity that may be sued under § 1983), *adopted*, 2016 WL 5080351 (S.D Ohio Sept. 16, 2016); *Smith v. Ohio State Highway Patrol*, No. 2:15-CV-2884, 2016 WL 146311, at *1 (S.D. Ohio Jan. 13, 2016) (noting that a state agency is not a "person" subject to suit in concluding the court "lacks jurisdiction to entertain any of the claims sought to be asserted in this action against Defendant Ohio State Highway Patrol."). *See also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). Furthermore, to the extent that Plaintiff seeks damages in the instant action, the Eleventh Amendment bars his cause of action against the state agency defendant. *See McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (citing *Rodgers*, 29 F. App'x at 260) (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Will*, 491 U.S. at 66-71; *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam). *Cf. Davis v. Maughmer*, No. C2-00-1415, 2002 WL 484853, at *3 (S.D. Ohio Mar. 5, 2002) (holding that "any claims against the Ohio State Highway Patrol are claims against the State of Ohio, which is entitled to sovereign immunity under the Eleventh Amendment"). The OSHP therefore should be dismissed as a Defendant to this action.

Plaintiff's claim brought in connection with the grievance process and Defendants' alleged failure to respond and/or take corrective action should also be dismissed. Plaintiff claims that he sent Defendants Bell and Mahlman grievances, but that these Defendants failed to respond or take corrective action. (Doc. 1, Complaint at PageID 8–9). However, "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles

"involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, Plaintiff's claims that Defendants Bell, Mahlman, or any other named Defendant failed to investigate his grievances or take corrective action should be dismissed for failure to state a claim upon which relief may be granted.[2]

The complaint should also be dismissed to the extent that Plaintiff seeks to hold Defendants liable based on their supervisory positions. Without any factual elaboration, Plaintiff claims "Warden Erdos, Major Bell, and Director Chamber-Smith, ISS Mahlman failed to train and supervise correctional staff or to take appropriate action once informed leading to harm to the Plaintiff and the death of others." (Doc. 1, Complaint at PageID 10). As discussed above in addressing the complaint's allegations regarding the grievance process, "§ 1983 liability must be based on more than respondeat superior, or the right to control employees." *See Shehee*, 199 F.3d at 300 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly

---

[2] This includes Plaintiff's claim that deficiencies in the grievance process precluded him from exhausting his administrative remedies. Plaintiff alleges that "my grievance attempts required by the P.L.R.A. have been obstructed and abuse by interference with the process." (Doc. 1 at PageID 8). While the Prison Litigation Reform Act's exhaustion requirement is "mandatory," with steps to exhaustion defined by the prison's grievance process, *Jones v. Bock*, 549 U.S. 199, 211 (2007), an inmate need only exhaust "available" remedies under the statute, not unavailable ones, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). *See also Paolone v. Altiere*, No. 4:12CV1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012) ("A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal.").

participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.* (quoting *Hays*, 668 F.2d at 874). Supervisory liability under § 1983 cannot be based on mere awareness of misconduct or a "failure to act," but must be based on "active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002); *see also Shehee,* 199 F.3d at 300.

Here, Plaintiff's conclusory allegations that these Defendants failed to train, supervise, or take corrective action in response to grievances is insufficient to state a claim upon which relief may be granted. Plaintiff has not alleged any facts showing Defendants encouraged, participated in, or authorized any misconduct. Furthermore, Plaintiff fails to plausibly allege a "causal relationship" between a failure to train and the conduct of any correctional officer. *See Danese v. Asman,* 875 F.2d 1239, 1244-45 (6th Cir. 1989) (citing *Hays*, 668 F.2d at 874). The mere fact that Defendants Erdos, Chamber-Smith, Bell, and Mahlman have supervisory positions is insufficient to impose liability on these Defendants.

Finally, Plaintiff's general conditions of confinement claims are subject to dismissal for failure to state a claim upon which relief may be granted. As noted above, Plaintiff claims he and other inmates were "treated poorly in a number of ways." (*See* Doc. 1 at PageID 7). However, Plaintiff fails to allege what any named Defendant did or failed to do with regard to these allegations. The complaint otherwise fails to rise to the level of a constitutional violation or meet the pleading standards applicable to this § 1983 action. *See Iqbal*, 556 U.S. at 678.

Accordingly, in sum, Plaintiff may proceed with this Eighth Amendment deliberate indifference and First Amendment retaliation claims against the two unidentified John Doe correctional officers and with his First Amendment legal mail claim against Defendant Erdos.

Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's First and Eighth Amendment claims against the two John Doe correctional officers and First Amendment legal mail claim against Defendant Erdos.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting Plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon Defendant Erdos.

Before service may be issued upon any remaining John Doe Defendants, Plaintiff must file a motion to issue service setting forth the identities of the unidentified Defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when Plaintiff discovers the identity of the unnamed Defendants through

discovery. Plaintiff is advised that no service will be issued on the unnamed Defendants unless Plaintiff complies with this Order.

      2. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

      3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: June 3, 2022                                             s/ *Elizabeth A. Preston Deavers*
                                                                               Elizabeth A. Preston Deavers
                                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit

rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).