# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARK KENDRICK, | : Case No. 1:22-cv-170 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBER-SMITH, et al., | : **ORDER** |
| Defendants. | : |

Plaintiff, a prisoner at the Ross Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Annette Chamber-Smith, Ronald T. Erdos, Linnea Mahlman, Major H. Bell, two John Doe correctional officers, and the "Highway State Patrol Portsmouth Office" in this Court. (Doc. 1, Complaint at PageID 4). On June 3, 2022, the Court issued an Order and Report and Recommendation concluding that plaintiff could proceed with his deliberate indifference and First Amendment retaliation claims against two unidentified correctional officers, based on his allegations that these defendants were deliberately indifferent to his safety and retaliated against him for filing lawsuits. Plaintiff was also permitted to proceed with his First Amendment claim against defendant Erdos concerning the procedures applicable to prisoner legal mail. (Doc. 7). It was recommended that the remaining claims—those asserted against the Ohio State Highway Patrol, concerning the grievance process, based on allegations regarding his conditions of confinement, and premised on supervisor liability—be dismissed for failure to state a claim upon which relief could be granted. (*See* Doc. 7). The Report and Recommendation was adopted by the Court on July 5, 2022. (Doc. 11).

This matter is now before the Court on plaintiff's motion seeking to amend his complaint and for joinder of cases. (Doc. 22).

With respect to plaintiff's motion to amend, plaintiff's motion does not contain a copy of the amended complaint or sufficiently inform the Court how plaintiff intends to amend his complaint. *See* Fed. R. Civ. P. 7(b). *Cf. Williams v. Zumbiel Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) ("To meet the particularity requirements of Rule 7(b), 'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought.'") (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). In any event, leave of court is not required because no responsive pleading has been filed in this case. *See* Fed. R. Civ. P. 15(a).[1]

Plaintiff is advised that any amended complaint must comply with the Federal Rules of Civil Procedure governing joinder of parties and claims. *See* Fed. R. Civ. P. 18, 19, 20. *See also Gresham v. Washington*, No. 1:15-cv-1067, 2016 WL 81696, at *7 (W.D. Mich. Jan. 6, 2016) (collecting cases) (noting that permitting a prisoner to assert unrelated claims against different defendants in the same action would undermine the PLRA's purpose of curbing frivolous prisoner filings and dilute the impact of the statute's fee payment and three-strikes provisions).

With regard to plaintiff's request that "the court consider joinder of cases," plaintiff seeks to join this action with *Kendrick v. Erdos*, Case No. 1:21-cv-266 (Barrett, J.; Silvain, M.J.) (Mar.

---

[1] Plaintiff indicates that he wishes to "withdraw [his] complaint and submit another in its place" and "if withdraw[al] is not available, I request to amend and supplement this complaint." (*Id.* at PageID 123). He also seeks clarification regarding the applicable filing fee. The Court construes plaintiff's motion to be a request to amend, rather than for voluntary dismissal under Fed. R. Civ. P. Rule 41(a)(1). Plaintiff is advised, however, that he would remain responsible for the full filing fee for this action should he decide to voluntarily dismiss this action. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("the obligation to pay the full filing fee under § 1915(b) arises at the time a civil complaint is filed and . . . the subsequent dismissal of the action, even if voluntary, does not negate that obligation").

9, 2021). In that case, plaintiff has been permitted to proceed with his medical claims against defendants Conley and Ross, regarding the alleged prescription of medications, denial of an emergency inhaler, and discontinuing the use of migraine medication. Plaintiff has also been permitted to proceed with his deliberate-indifference claims against defendants Chambers-Smith, Erdos, and Goodwin based on his allegations of an alleged policy or custom at SOCF to use psychotropic or other experimental drugs for the treatment of pain. (*See* Doc. 15 at PageID 276-77; Doc. 59). Plaintiff's remaining claims were dismissed.[2]

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit. Under Rule 20(a)(2)

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Under this rule, a plaintiff may not combine into one lawsuit unrelated claims against different defendants." *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018) (internal quotation mark and citation omitted) (Report and Recommendation), *adopted*, 2017 WL 994350 (E.D. Mich. Mar. 15, 2017). "Unrelated claims against different defendants belong in different suits. . . to ensure that prisoner pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

---

[2] This includes plaintiff's allegations that Mahlman and others obstructed the grievance process. Although plaintiff does not clearly indicate the allegations on which he would base any amendment to his complaint, it appears that plaintiff may wish to assert that the grievance process creates "failure to exhaust situations." (*See* Doc. 22 at PageID 122-23). The undersigned notes that the Court has already addressed plaintiff's claim that deficiencies in the grievance process precluded him from exhausting his administrative remedies in both cases. (*See* Doc. 7 at PageID 57, n.2. *See also* Case No. 1:22-cv-266 Doc. 15 at PageID 278, Doc. 59 at PageID 645).

appeals that any prisoner may file without the prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

As noted above, plaintiff has been permitted to proceed in this action with his First Amendment claim regarding inmate legal mail against defendant Erdos and his deliberate indifference and retaliation claim against two unidentified correctional officers. These claims involve distinct factual allegations, arise out of separate transactions/occurrences, and are predominantly asserted against different defendants than those in Case No. 1:21-cv-266, involving allegations of denial of medical care and an alleged policy or custom at SOCF to use psychotropic or other experimental drugs. Although plaintiff names defendant Erdos in both actions, his claims against this defendant do not involve common questions of law or fact that would make consolidation appropriate. *See* Fed. R. Civ. P. 42(a).

Accordingly, plaintiff's motion seeking leave to amend and joinder of claims (Doc. 22) is **DENIED without prejudice.**

IT IS SO ORDERED.

Date: <u>January 30, 2023</u>                           *s/Peter B. Silvain, Jr.*
                                                                                        Peter B. Silvain, Jr.
                                                                                        United States Magistrate Judge