UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MARK KENDRICK, | : Case No. 1:22-cv-170 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| ANNETTE CHAMBER-SMITH, *et al.*, | : |
| Defendants. | : |

**ORDER**
**and**
**REPORT AND RECOMMENDATION[1]**

Plaintiff Mark Kendrick, a prisoner currently incarcerated at Ross Correctional Institution, filed this *pro se* civil rights action pursuant 42 U.S.C. § 1983 against multiple Defendants, in connection with an incident that occurred during his incarceration at the Southern Ohio Correctional Facility (SOCF). On June 3, 2022, United States Magistrate Judge Elizabeth Preston Deavers issued an Order and Report and Recommendation concluding that Plaintiff could proceed with his deliberate indifference and First Amendment retaliation claims against two unidentified correctional officers, based on his allegations that these Defendants were deliberately indifferent to his safety and retaliated against him for filing lawsuits. (Doc. #7). Plaintiff was also permitted to proceed with his First Amendment claim against Defendant Erdos[2] concerning the procedures

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] On May 1, 2023, the Court took judicial notice that Cynthia Davis has become the Warden at Southern Ohio Correctional Facility and, therefore, was automatically substituted for Warden Erdos as Defendant in this case. (Doc. #26).

applicable to prisoner legal mail. *Id.* United States District Judge Michael R. Barrett adopted the Report and Recommendation on July 5, 2022. (Doc. #11).

This matter is now before the Court upon Plaintiff's "Motion Objection of Case Transfer to Judge Silvain. Motion to Transfer Cases 1:22-cv-170 and 1:21-cv-266 to Judge Deavers. Motion to Stay the proceeding due to state created Policies that violate Privilege legal mail protections and have cause Break down in Communication 'Court Responses' That have confused Plaintiff to where he can no longer Procede. [sic] Motion for Excusable Neglect." (Doc. #31); Plaintiff's letters to the Clerk and attached exhibits (Doc. #s 32-33); and Defendant's Response in Opposition (Doc. #34).

### A. Transfer

Plaintiff indicates that he "is confused as to how Judge Silvain ended up with case." (Doc. #31, *PageID* #152). He states that he did not receive notice of the transfer and therefore could not file a timely objection to it. *Id.* Plaintiff requests that case no. 1:21-cv-266 be transferred to Judge Deavers because he "does not believe a fair [trial] can be had in this Court" for three reasons: 1) "Judge Silvain allows defendants to open and photocopy Plaintiff['s] legal mail in total disregard of *Sallier v. Brooks*, 343 F.3d 868, 876-77 (6th Cir. 2003)"; 2) "Judge Silvain allows Defendants to totally neglect there Constitutional obligation to provide a Functional and adequate Law library access"; and 3) "It appears to … Plaintiff that the Court is working to undermind [sic] Plaintiff attempt to vendicate [sic] His Rights in Both cases By not addressing the above issues." *Id.* at 152-53.

On November 1, 2022, Magistrate Judge Deavers transferred this case to the undersigned. (Doc. #23). The docket indicates that the Order was sent by regular mail to the party(ies) listed in the NEF that did not receive electronic notification. However, regardless of whether Plaintiff

received that Order, Plaintiff is not entitled to the magistrate judge of his choice. Accordingly, to the extent that Plaintiff seeks to transfer this case to Judge Deavers, his request is **DENIED**. If Plaintiff instead seeks recusal of the undersigned, Plaintiff must file a motion to that effect.[3]

To the extent that Plaintiff seeks to transfer *Kendrick v. Erdos*, case no. 1:21-cv-266, to Judge Deavers, his request is **DENIED**. Plaintiff must file a motion in that case.

B.      **Legal Mail**

Plaintiff moves to "stay the proceedings due to state created Policies that violate Privilege legal mail protections and have cause[d] Break down in Communication 'Court Responses' That have confused Plaintiff to where he can no longer [proceed]." (Doc. #31, *PageID* #147). Plaintiff explains that he has not received documents from the Court and some documents that he has received are missing pages. *Id.* at 148. However, Plaintiff indicates that he cannot specifically identify what he has not received because every Court document that has been sent to him since October 2021 has been copied outside of his presence and the docket numbers at the top of the page are not visible most of the time. *Id.* at 148. In support, Plaintiff attached a copy of an Order he received. (Doc. #32, *PageID* #s 163-64). The Order appears to be a copy and is missing the docket information from the top of the page.[4] Plaintiff states that in addition to the issues with his legal mail, he has also received other inmates' legal mail. *Id.* at 148 (citing Doc. #33, *PageID* #s 178-82). Plaintiff asserts that although he understands the state's need to stop dangerous contraband from entering the prisons, "that does not give the state the Right to Freely violate Federal law and Prisoner Privilege legal mail Protection under Sallier v. Brooks, 343 F.3d 868,

---

[3] 28 U.S.C. §§ 144 and 445 govern recusal of federal judges. *See Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999).

[4] Plaintiff also asks if there were more pages to the document than he received. The document is the first page of District Judge Michael R. Barrett's two-page Opinion and Order in Plaintiff's other case before this Court, *Kendrick v. Erdos*, case no. 1:21cv266, Doc. #67 (S.D. Ohio Mar. 9, 2023). As it does not appear that Plaintiff received a copy of the entire Opinion and Order, the Clerk of Court is **DIRECTED** to send Plaintiff a copy of Judge Barrett's March 9, 2023 Opinion and Order (Doc. #67) in case no. 1:21cv266.

3

876-77 (6th Cir. 2003)." *Id.* at 149. Plaintiff utilized the grievance process to inform prison officials that he has no control over how the federal courts send him mail, and he wants his privileged legal mail to be delivered to him as required by law. *Id.* at 149.

On January 25, 2024, the undersigned concluded that mail from this Court addressed to Plaintiff in this case is legal mail under *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) and ordered the ODRC to treat it as legal mail. (Doc. #38). Given that Order, there is no need to stay the proceedings in this case. Accordingly, Plaintiff's request to stay the proceedings (Doc. #31) is **DENIED**.

In Plaintiff's letter to the Clerk, he asks that his mail be sent to a second mailing address because his mail is being photocopied and treated as regular mail. (Doc. #32, *PageID* #156). In light of the Court's recent Order regarding legal mail (Doc. #38), Plaintiff's request (Doc. #32) is **DENIED** as moot.

    **C.**    **Law Library Access**

Plaintiff asserts that his "Law Library access has been compromised for months." (Doc. #31, *PageID* #149). More specifically, Plaintiff states that he has "struggle[d] to gain needed access to the many benefits of a functional Law Library, Legal Books, Computers, Legal Clerks, Copies, Electronic Filing, access to case law …." *Id.* at 150. He notes that two employees have recently been removed and, to Plaintiff's knowledge, neither was a paralegal. *Id.* at 150. Plaintiff asks the Court to take notice of his brief and the simple replies that he has been able to file "due to the meager access he has been allowed …." *Id.* at 150. Plaintiff also attaches several exhibits, including the library schedules for April and May 2023 and a declaration from another inmate on Plaintiff's block, confirming that their block was not called to the library in April and indicating

4

that Plaintiff only received two two-hour passes for the library for the month. (Doc. #32, *PageID* #s 158, 160-61). The Court understands Plaintiff's motion to be one for a preliminary injunction.

In determining whether to issue a preliminary injunction, the Court must balance four factors: "'(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.'" *ACLU of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *Bays v. City of Fairborn,* 668 F.3d 814, 818-19 (6th Cir. 2012)). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.,* 163 F.3d 341, 347 (6th Cir. 1998)).

Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction. *Livingston Cnty.*, 796 F.3d at 642 ("[T]he party seeking a preliminary injunction bears the burden of justifying such relief." (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)). Injunctive relief "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573 (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).

Plaintiff has not demonstrated a likelihood of success on the merits and, relatedly, has not shown irreparable injury. Although prisoners have a constitutional right of access to the courts, "meaningful access will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered." *Bounds v. Smith*, 430 U.S. 817, 821, 830-31, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). An

5

inmate who claims his access to the courts was denied merely because he was denied access to the prison library fails to state a claim. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996). In other words, a plaintiff must demonstrate an actual injury. *Id.* To show actual injury, the plaintiff "must show, 'for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim.'" *Jackson v. Coyne*, No. 3:17-CV-P174-TBR, 2017 WL 3528605, at *2 (W.D. Ky. Aug. 16, 2017) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)); *see also Looper v. Gibson*, 63 F. App'x 877, 878 (6th Cir. 2003) ("It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance was not made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter.").

Here, Plaintiff has not shown that he has been prejudiced by any alleged denial of access to the law library. Plaintiff asserts that he has only been able to file his brief and simple replies, some of which are half handwritten. (Doc. #31, *PageID* #150). However, Plaintiff does not allege that Defendants' conduct caused actual injury such as missing a court-imposed deadline. Nor does he allege the existence of immediate and certain rather than speculative irreparable harm. Thus, the first and second factors weigh against granting a preliminary injunction.

Furthermore, the third and fourth factors weigh against granting a preliminary injunction. Generally, it is "in the best interests of all if courts refrain from becoming involved in day-to-day prison operations." *Jackson*, No. 3:17-CV-P174-TBR, 2017 WL 3528605, at *2-3. Furthermore,

6

"the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest." *Id.* (citing *Lang v. Thompson*, No. 5:10-CV-379-HRW, 2010 WL 4962933, at *7, (E.D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.")).

    **D.**    **Docket Sheets**

In Plaintiff's second letter to the Clerk of Court, he requests copies of the docket sheets for this case (case no. 1:22-cv-170) and *Kendrick v. Erdos*, case no. 1:21-cv-266. Plaintiff's request is **GRANTED**. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the docket sheets for this case (case no. 1:22-cv-170) and *Kendrick v. Erdos*, case no. 1:21-cv-266.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Request for Transfer and Motion to Stay as set forth in his Motion (Doc. #31) is **DENIED**;

2. Plaintiff's request for second mailing address (Doc. #32) is **DENIED** as moot;

3. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the docket sheets for this case (case no. 1:22-cv-170) and *Kendrick v. Erdos*, case no. 1:21-cv-266; and

4. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of Judge Barrett's March 9, 2023 Opinion and Order (Doc. #67) in *Kendrick v. Erdos*, case no. 1:21cv266.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion requesting law library access (Doc. #31) be **DENIED**.

January 25, 2024                                                     *s/Peter B. Silvain, Jr.*
                                                                                             Peter B. Silvain, Jr.
                                                                                             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).